IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RENE HUERTA, § | | |
| Petitioner, § | | |
| § | | |
| v. § | Civil Action No. 4:07-CV-110-Y | |
| § | | |
| NATHANIEL QUARTERMAN, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
| Respondent. § | | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Rene Huerta, #1187347, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Childress, Texas.[1]

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal

---

[1] At the time this petition was filed, Huerta was confined in the pre-parole release facility in Mineral Wells, Texas. Although he has not notified the Court of a change of address, the TDCJ website reflects that Huerta in now confined at the Roach unit. *See* TDCJ, Offender Information Detail, *available at* http://www.tdcj.state.tx.us/offender_information.

Justice, Correctional Institutions Division (TDCJ).

## C. Factual and Procedural History

Huerta is serving a five-year sentence in TDCJ on his 2003 state court conviction for unlawful possession of a firearm by a felon in the 396th Judicial District Court of Tarrant County, Texas, cause number 892478D. (State Habeas R. at 43.) Although eligible for mandatory supervision release, the Texas Board of Pardons and Paroles (the Board) denied Huerta release to mandatory supervision pursuant to § 508.149(b) on August 1, 2005, and July 3, 2006.[2] (Resp't Answer, Exhibits A & B.) Huerta's next review date was set for July 2007. (*Id.*, Exhibit B.) Huerta filed a state habeas application, raising the claims presented herein, on September 15, 2006, but the Texas Court of Criminal Appeals denied the application on November 29, 2006, without written order. *Ex parte Huerta*, Application No. WR-65,920-01, at cover, 2. Huerta filed this federal petition on February 15, 2007.[3]

## D. Issues

---

[2]Section 508.149(b) provides:

>  (b) An inmate may not be released to mandatory supervision if a parole panel determines that:
>> (1) the inmate's accrued good conduct time is not an accurate reflection of the inmate's potential for rehabilitation; and
>>
>> (2) the inmate's release would endanger the public.

TEX. GOV'T CODE ANN. § 508.149(b) (Vernon Supp. 2007).

[3]Typically, a pro se habeas petition is considered filed when the petition is delivered to the prison authorities for mailing. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). However, Huerta did not indicate on his petition the date he placed his petition in the prison mailing system. (Petition at 9.) Thus, he is not given the benefit of the prison mailbox rule.

2

Huerta claims that (1) the Board improperly denied his release to mandatory supervision pursuant to § 508.149(b) of the Texas Government Code (entitled "Inmates Ineligible for Mandatory Supervision") because he was transferred to a pre-parole release facility, given a presumptive parole date, and is subject to release under § 508.151 of the Texas Government Code (entitled "Presumptive Parole Date") as a pre-parolee, and (2) the Board violated due process by denying his rights under *Morrissey v. Brewer*. (Petition at 7; Pet'r Memorandum at 2-4.)

E.  RULE 5 STATEMENT

Although Quarterman does not address the issue, it appears Huerta has sufficiently exhausted his state remedies as to the claims presented and as required by 28 U.S.C. § 2254(b).  28 U.S.C. § 2254(b), ©).

F.  STATUTE OF LIMITATIONS

Quarterman argues that Huerta's petition is barred by the federal one-year statute of limitations to the extent Huerta is challenging the Board's 2005 denial of release. (Resp't Answer at 3-5.)  28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief.  28 U.S.C. § 2244(d).  Specifically, § 2244(d) provides:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)  the date on which the constitutional right asserted was

3

> initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

The statutory provision set forth in subsection (D) governs when the limitations period in this case began to run, *viz.*, the date on which Huerta could have discovered, through the exercise of due diligence, the factual predicate of his claims. To the extent Huerta's claims pertain to the Board's 2005 denial of mandatory supervision release, the factual predicate of the claims was discoverable on August 1, 2005, the date his release was denied. Accordingly, the one-year statute of limitations began on that date and expired one year later on August 1, 2006, absent any applicable tolling. Huerta's state habeas application filed after limitations had already expired did not operate to toll the limitations under the statutory tolling provisions, and he provides no explanation for his delay that would warrant equitable tolling of the limitations period. *See id.* § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Thus, his petition filed on February 15, 2007, is untimely as to the Board's 2005 denial.

To the extent Huerta's claims pertain to the Board's 2006 denial, the one-year statute of limitations began to run on July 3, 2006, and expired one year later on July 3, 2007. Thus, without consideration of tolling, Huerta's petition filed on February 15, 2007, is timely as to the Board's 2006 denial.

G. DISCUSSION

A habeas corpus applicant under 28 U.S.C. § 2254 must claim violation of a federal constitutional right to be entitled to relief. *See Narvaiz v. Johnson*, 134 F.3d 688, 695 (5th Cir. 1998). A state prisoner does not have a federal constitutional right to obtain release prior to the expiration of his sentence. *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979). Thus, any protected liberty interest to release prior to expiration of Huerta's sentence must arise from state law.

To the extent Huerta claims that he obtained pre-parolee status with a presumptive parole date, there is no factual basis in the record for these claims. The record does not reflect that the Board established a presumptive parole date for Huerta at the time he was transferred to the pre-parole facility. *See* TEX. GOV'T CODE ANN. § 499.001(4). Instead, it appears he was transferred to the pre-parole facility within one year of his mandatory supervision release date. *See id.* § 499.02. Huerta provides no evidence that TDCJ or the Board considered his mandatory supervision release date as a presumptive parole date or that he was ever transferred from pre-parole status to parole status. *Id.* §§ 499.002, 499.005. Huerta's mere assertions, unsupported by anything contained in the record, have no probative evidentiary value in this proceeding. *See Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983). Thus, Huerta's claims that he had a protected liberty interest in his presumptive parole date and that he is entitled to release under § 508.151 are groundless. Equally groundless is Huerta's claim that § 508.149(b) is not applicable to him because he was released to the custody of the Board when transferred to the pre-parole release facility, thus entitling him to the due process requirements set forth in *Morrissey v. Brewer*, 408 U.S. 471 (1972) (providing minimum due process requirements in a parole revocation case). Texas's pre-parole program is not "a kind

of parole" as envisioned by *Morrissey*. *See Patterson v. Cockrell*, No. 4:02-CV-511-Y, 2002 WL 32509028, at *4-5 (N.D. Tex. Oct. 24, 2002) (not designated for publication). *Compare Young v. Harper*, 520 U.S. 143, 152-53 (1997) (holding that due to nature of Oklahoma's pre-parole program it was a "kind of parole").

On the other hand, the Texas mandatory supervision scheme does create a constitutional expectancy of early release entitled to minimum due process protection. *See Teague v. Quarterman*, 482 F.3d 769, 776-77 (5th Cir. 2007); *Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000) (citing *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974)); *Ex parte Geiken*, 28 S.W.3d 553, 558-60 (Tex. Crim. App. 2000). In light of the liberty interest created by the statute, the Texas Court of Criminal Appeals has determined that, under these circumstances, constitutional due process requires that an eligible inmate be provided timely notice that he will be considered for mandatory supervision release and a meaningful opportunity to be heard–i.e., an opportunity to tender or have tendered to the Board information in support of release. *Ex parte Geiken*, 28 S.W.3d at 559-60. Additionally, if release is denied, the inmate must be informed in what respects he falls short of qualifying for early release. *Id.* at 560. In a later opinion, the state court determined that the notice requirement requires the Board to inform the inmate of the specific month and year he will be reviewed. *Ex parte Ratzlaff*, 135 S.W.3d 45, 50 (Tex. Crim. App. 2004).

On April 3, 2006, Huerta was notified that the Board would review his file for discretionary mandatory supervision release within thirty days of his projected release date of August 1, 2006. (Resp't Answer, Exhibit B.) He was informed that if he wished to submit any additional information, he should do so in writing before June 17, 2006, to the Parole Division. (*Id.*) Thereafter, on July 3, 2006, the Board decided to deny Huerta discretionary mandatory supervision

release and notified him of its decision, the reasons for its decision, and that his case would be reviewed again in July 2007. (*Id.*)

Notwithstanding his good behavior in prison, Huerta has not demonstrated that the Board's decision, or the state court's rejection of his claims, is contrary to clearly established federal law or is otherwise unreasonable. As a matter of state and constitutional law, it appears Huerta was afforded all the due process he was entitled.

## II. RECOMMENDATION

Huerta's petition should be DENIED.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file, not merely place in the mail, specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until January 23, 2008. Failure to file specific written objections within the specified time shall bar a de novo determination by the district court of any finding of fact or conclusion of law and shall bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until January 23, 2008, to serve and file, not merely place in the mail, written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED January 2, 2008.

    /s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE